IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICIA INMAN                                                      PLAINTIFF

v.                                          CIVIL ACTION NO. 1:14-cv-00169-GHD-SAA

FRED'S STORES OF TENNESSEE, INC.;
RECORD USA, INC.; COMMERCIAL
SOLUTIONS, INC. f/k/a Glass America;
AUTOMATED DOORS AND ACCESS, INC.; and
WESTMORELAND GLASS CO.                            DEFENDANTS

### **MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION TO REMAND**

Presently before this Court is Plaintiff's motion to remand [135]. Upon due consideration, the Court is of the opinion that the motion should be granted due to lack of diversity jurisdiction.

### *A. Factual and Procedural Background*

On August 20, 2014, Plaintiff Patricia Inman ("Plaintiff") filed a complaint in the Circuit Court of Prentiss County, Mississippi, against Defendant Fred's Stores of Tennessee, Inc. ("Fred's Stores"), as well as four fictitious defendants, to recover for injuries allegedly sustained while being pinned in the automatic door at the entrance of the Fred's store in Booneville, Mississippi. She asserted causes of action for negligence and gross negligence and sought compensatory damages in the amount of $500,000 and punitive damages in the amount of $500,000.

Subsequently, Fred's Stores removed this case to this Court on the basis of diversity jurisdiction and filed an answer [4]. Next, Fred's Stores filed a third-party complaint [31] against Record USA, Inc.; Automated Doors & Access Inc.; and Glass America Commercial

1

Services—entities who either manufactured, worked on, or maintained the doors made the subject of this action. After some discovery, Fred's Stores filed a notice of voluntary dismissal [59] of their third-party complaint without prejudice. Plaintiff maintains that she subsequently learned that Westmoreland Glass Co., a Mississippi corporation, also performed service on the subject doors. Therefore, Plaintiff filed a motion to amend [61] her complaint to add these party defendants. The United States Magistrate Judge granted the motion, and Plaintiff filed an amended complaint [82] adding as defendants Record USA, Inc.; Commercial Solutions, Inc. f/k/a Glass America; Automated Doors & Access, Inc.; and Westmoreland Glass Co.

Plaintiff then filed the present motion to remand [135] the case to state court. Defendants have not filed a response, and the time for doing so has now passed. The unopposed motion to remand [135] is now ripe for review.

### B. *Standard of Review*

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any "doubts regarding whether removal jurisdiction is proper

should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## C. Discussion

Federal diversity jurisdiction requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Plaintiff contends that complete diversity of citizenship was present at the time of removal, but no longer exists due to the joinder of Defendant Westmoreland Glass Co., a Mississippi corporation. The Court finds that this argument is well taken.

Diversity jurisdiction was established at the time of removal. First, the amount in controversy was met because Plaintiff's complaint requested a total of $500,000 in compensatory damages and $500,000 in punitive damages, well exceeding the jurisdictional threshold. Second, diversity of citizenship was met because Plaintiff was a citizen of Mississippi and Fred's Stores, as a Tennessee corporation with its principal place of business in Tennessee, was a citizen of Tennessee. However, since the time of removal, Plaintiff has amended her complaint and added several defendants. Because both Plaintiff and newly added defendant Westmoreland Glass Co. are Mississippi citizens, complete diversity is no longer present.

The Fifth Circuit recently stated: "Crucially, '[j]urisdictional facts are determined at the time of removal, not by subsequent events.' Thus, to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant <u>at the time of removal</u>." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (quoting *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014)). Because Plaintiff had a possibility of recovery in her original state-court action against these newly added defendants, including Westmoreland Glass Co., who

3

allegedly performed service on the doors made the subject of this personal-injury action, the Court finds that joinder of Defendant Westmoreland Glass Co. is proper, and that the joinder of this defendant destroys complete diversity. The Court notes that the defendants have filed no response in opposition to Plaintiff's motion to remand. For all of the foregoing reasons, the Court finds that complete diversity of citizenship is no longer present in this case, and the case must be remanded to state court.

### *D. Conclusion*

In sum, Plaintiff's motion to remand to state court [135] is GRANTED based on lack of complete diversity of citizenship; the matter shall be REMANDED to the Circuit Court of Prentiss County, Mississippi; and this case shall be CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 1st day of August, 2016.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE